**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | | |
|---|---|---|
| MEDICAL INFORMATICS ENGINEERING, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.: 1:06-CV-173 |
| | ) | |
| ORTHOPEDICS NORTHEAST, P.C., | ) | |
| TriPRACTIX, LLC, RAYMOND KUSISTO, | ) | |
| and TODD PLESKO, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | | |
| | | |
| ORTHOPEDICS NORTHEAST, P.C, and | ) | |
| RAYMOND KUSISTO, | ) | |
| | ) | |
| Defendants/Counterclaim Plaintiffs | ) | |
| and Third-Party Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MEDICAL INFORMATICS ENGINEERING, INC., | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant, and | ) | |
| | ) | |
| DOUG HORNER, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

**MEMORANDUM OF OPINION AND ORDER**

This matter is before the court on the "Motion to Amend Third Party Claim and Submit all Counterclaims and Third Party Claims, as Amended, in a Single Pleading" ("Motion to Amend") filed by defendant/counter-claimant and third-party plaintiffs Orthopedics Northeast, P.C. ("ONE") and Raymond Kusisto ("Kusisto") (also referred to collectively as "movants") on August 15, 2007. Docket at 87. Plaintiff/counter-defendant Medical Informatics Engineering,

Inc. ("MIE") and third-party defendant Doug Horner ("Horner") filed a response in opposition to the motion (Docket at 90), to which the movants filed a reply (Docket at 92).  For the reasons discussed herein, the motion to amend is GRANTED.[1]

## DISCUSSION

A party may amend its pleading once as a matter of course at any time before a responsive pleading is served; otherwise, it may amend only by leave of the court or by written consent of the adverse party.  Fed.R.Civ.P. 15(a).  Leave to amend is freely given when justice so requires.  *Id.*  However, this right is not absolute, *Brunt v. Serv. Employees Int'l Union,* 284 F.3d 715, 720 (7 Cir.2002), and can be denied for undue delay, bad faith, dilatory motive, prejudice, or futility, *Ind. Funeral Dir. Ins. Trust v. Trustmark Ins. Corp.,* 347 F.3d 652, 655 (7th Cir.2003). Moreover, the requirements of Rule 15 must be read in conjunction with the requirements of Rule 16, because "[o]nce the district court [has] filed a pretrial scheduling order pursuant to [Rule] 16 which establish[es] a time table for amending pleadings that rule's standards [control]." *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 607-08 (9th Cir.1992); *Kortum v. Raffles Holdings, Ltd.,* 2002 WL 31455994, *3 (N.D.Ill. Oct.30, 2002); *Tschantz v. McCann,* 160 F.R.D. 568, 570-71 (N.D.Ind.1995).

Rule 16 provides in part:

> (b) [The district court] ... shall, after receiving the report from the parties under Rule 26(f)[,] ... enter a scheduling order that limits the time (1) to join other parties and to amend the pleadings; (2) to file and hear motions; and (3) to

---

[1] Also in this case, there are pending motions for partial summary judgment, which were filed days before the entry of this Order.  Those motions will be resolved by separate Order of the court once they are fully briefed.

>complete discovery.... A schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge.

Fed.R.Civ.P. 16(b). Thus, a party seeking to amend a pleading after the date specified in a scheduling order must first show "good cause" for the amendment under Rule 16(b); then, if good cause is shown, the party must demonstrate that the amendment is proper under Rule 15. *Tschantz,* 160 F.R.D. at 571. "A court's evaluation of good cause is not co-extensive with an inquiry into the propriety of the amendment under ... Rule 15." *Id.* (quoting *Johnson,* 975 F.2d at 609). Rather, the good cause standard focuses on the diligence of the party seeking the amendment. *Id.* In other words, to demonstrate good cause, a party must show that despite its diligence, the time table could not reasonably have been met. *Id.*

In this case, the deadline for amending the pleadings has passed. The movants filed the present motion seeking leave of court "to amend [the] Third Party Complaint and consolidate the [c]ounterclaims filed by the [d]efendants and their [t]hird [p]arty [c]laims into a single pleading." Motion to Amend, p. 1.[2] In their brief in support of their motion, ONE and Kusisto contend that recent discovery (specifically, a recently conducted deposition of third party defendant Doug Horner) indicated that a counterclaim exists against Horner that was not previously asserted. Defendants' Memorandum in Support of Motion to Amend ("Defendants' Memorandum"), Docket at 88, pp. 1-4.

In its Answer filed on June 14, 2006, ONE asserted counterclaims to MIE's Complaint.

---

[2] The court concludes that it is not necessary, for purposes of resolving the pending motion to amend, to include a lengthy recitation of the facts and allegations giving rise to this lawsuit. The underlying facts were set forth in detail in a previous Order of the court issued on October 12, 2006. Docket at 68.

3

Docket at 27 . The counterclaim includes allegations of computer hacking, trespass, breach of maintenance support agreement, breach of license agreement, and negligence. *Id*. On that same date, ONE and Kusisto "filed a separate Counterclaim against MIE and a Third-Party Claim against Douglas Horner for defamation." Defendants' Memorandum, p. 2; *see* Docket at 29. ONE and Kusisto argue that "[a]t the time the original Counterclaims and Third Party claims were filed, there was no indication that Third Party Defendant Horner was not acting on MIE's behalf and with its complete knowledge and approval, and within the scope of his employment with MIE, when Horner committed the acts that form the basis of ONE's [c]ounterclaim against MIE related to the incursion into ONE's computer systems." *Id*., p. 2. ONE and Kusisto claim that "[i]t was not until after the deposition of Mr. Horner commenced that ONE learned there was a possibility that MIE might take the position that Horner's acts were not authorized by MIE . . . ." *Id*. Therefore, ONE and Kusisto seek leave of court to file ONE's amended counterclaim to assert against Horner the same claims it asserted against his company, MIE. ONE and Kusisto insist that the amended pleading will not result in any prejudice to the opposing parties and that it should not result in any additional discovery. *Id*., p. 4. As the title of their motion makes clear, the movants also wish to consolidate their counterclaims and their Third Party Complaint into one pleading.

      MIE and Horner oppose the motion on several grounds. First, they argue that this "Court approved the deadlines set forth in the Report of Parties Planning Meeting after the June 8, 2006 its preliminary pretrial conference. Pursuant to those deadlines, ONE was allowed until October 1, 2006 to join additional parties and to amend the pleadings." Brief in Opposition, p. 2. MIE and Horner point out that "Local Rule 16.1(i) provides, 'Deadlines established at the pre-trial

4

conference shall not be altered except by agreement of the parties and the court, or for good cause shown.'" *Id*. (quoting L.R. 16.1). MIE and Horner also state, correctly, that this court's local rule mirrors Fed.R.Civ.P. 15(a), which also requires that a party demonstrate good cause in a motion to amend its pleadings after the applicable deadlines have expired. *Id*., p. 3. They maintain that ONE and Kusisto fail to demonstrate good cause to amend their pleadings. *Id*., generally. MIE and Horner argue that "ONE has not presented any facts that would constitute good cause to amend its Counterclaim one and a half (1 ½) years after its filing and ten (10) months after the deadline to do so, when the information needed to amend the pleadings was within ONE's possession when the Counterclaim was filed." *Id*., p. 3. Finally, they argue that "MIE and Horner would be unduly prejudiced by such an amendment." *Id*., p. 4.

The argument pressed by ONE and Kusisto is that the claims it seeks to include in its amended pleading only became apparent during the discovery process. More specifically, they contend that the precise contours of the claims became apparent. *See Stallings v. Union Pac. R.R.*, 2003 WL 21317297 at *5 (N.D. Ill. June 6, 2003) (noting that "only through ongoing discovery and investigation was [the movant] able to determine the validity of [the proposed amendment]"). ONE and Kusisto argue that the amendments they seek to make only became apparent during Horner's deposition testimony on August 1, 2007. This date, they point out, "was . . . well after the time within which ONE had to file its Counterclaim or amend it as of right." Brief in Support of Motion to Amend, p. 5. Furthermore, ONE and Kusisto point out that they "could have simply filed a separate action against Horner." *Id*. However they correctly state that "[g]iven the unity of parties, facts, and legal assertions and defenses, a motion to consolidate such an action with this action would be appropriate." *Id*., n. 3.

5

MIE and Horner maintain that "[i]f these claims are now allowed, the parties are likely to expend significant resources due to the late addition of these claims." Brief in Opposition to Motion to Amend, p. 4.  A review of the record in this case, however, reveals that both sides have already "expend[ed] significant resources" and the court is not persuaded by MIE's and Horner's arguments that the claims ONE and Kusisto seek to add would present an undue burden at this point.  The parties have moved to extend the discovery deadlines in this case many times, and all their requests have been granted.  The court does not mean to imply that amendments to the pleadings should be permitted simply because a case may be complicated and the discovery process long and arduous.  Rather, it is clear that in this case the claims ONE and Kusisto seek to add do not present entirely new legal theories or entirely new claims that have never before been examined by the parties in the 21 months since this case has been pending.  Instead, as ONE and Kusisto point out, they seek to assert claims against Horner, individually, that have already been asserted against MIE, and which have already been the subject of at least some discovery.

The court concludes that ONE and Kusisto have established that they have good cause to seek the requested amendments, that their motion–for the reasons stated above–is not presented in bad faith, and that MIE and Horner will not suffer undue prejudice as a result of the amendments.  The court also concludes that given the complicated factual and legal nature of this case, justice requires permitting the requested amendments (and resultant consolidation of pleadings) to ensure that all claims and defenses are resolved most efficiently in a single action.

## CONCLUSION

For the reasons set forth herein, the motion to amend and to consolidate counterclaims and third-party claims into a single pleading filed by Orthopedics Northeast, P.C. and Raymond Kusisto is GRANTED.  The Clerk of the Court is directed to docket the Amended Counterclaim and Third-Party Claim of Orthopedics Northeast, P.C. and Raymond Kusisto Against Medical Informatics Engineering, Inc. and Doug Horner (Exhibit A to the motion to amend).

Dated: January 11, 2008.

 /s/   William C. Lee
William C. Lee, Judge
United States District Court
Northern District of Indiana